I believe that the trial court improperly entered a summary judgment in favor of Max-Pak; therefore, I must respectfully dissent.
A trial court may properly enter a summary judgmentonly if it determines that there are no genuine issues of material fact and if the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. I believe that in this case, the trial court took it upon itself to weigh the evidence and determine whether Sears was contributorily negligent and had assumed the *Page 54 
risk, both of which are generally questions of fact that are best determined by the jury. Norfolk Southern Railroad v.Thompson, 679 So.2d 689 (Ala. 1996) (contributory negligence is generally to be determined by a jury); Caudle v. Patridge,566 So.2d 244 (Ala. 1990) (whether plaintiff subjectively appreciated the danger is a jury question); Atkins v. AmericanMotors Corporation, 335 So.2d 134 (Ala. 1976) (assumption of the risk is ordinarily a question of fact for the jury).
Because I believe that the trial court improperly invaded the province of the jury by finding that Sears was contributorily negligent and that Sears had assumed the risk, I believe that the trial court's entry of a summary judgment in favor of Max-Pak was improper. Therefore, I would reverse the judgment of the trial court.